L. DAVID BERRYHILL, JR. AND WIFE, BARBARA D. BERRYHILL; LEWIS D. BERRYHILL AND WIFE, MAE LILLIE M. BERRYHILL; JAMES D. INGOLD AND WIFE, DRUSILLA S. INGOLD v. OLEN E. MORGAN AND WIFE, BETTY M. MORGAN

No. 7226SC757

(Filed 22 November 1972)

Deeds § 20— prohibition of duplex for rental purposes — sufficiency of restrictive covenant

A subdivision restrictive covenant stating "No duplexes or apartment houses for rental property" prohibited the construction of a two-family duplex dwelling for rental purposes on property within the subdivision.

APPEAL by defendant from *Snepp, Judge,* 5 June 1972 Schedule "A" Jury Session of MECKLENBURG Superior Court.

Plaintiffs instituted this action to have defendants restrained and enjoined from constructing a duplex dwelling on a lot within a subdivision and renting the same to tenants.

Pertinent stipulations are summarized as follows:

Plaintiffs Berryhill are the owners of Lots 11, 12, 13, 14 and 15 of a subdivision known as the Lloyd Campbell property located in Mecklenburg County, a map of said property being

duly recorded in Mecklenburg County Registry in Map Book 6, at page 921; plaintiffs Ingold are the owners of Lot 10 and defendants are the owners of Lots 2 and 16 of said property.

The property shown on said map is subject to restrictive covenants duly recorded in Mecklenburg County Registry, said covenants being as follows:

"1. No residence erected on Lots Nos. 4, 5, 6, 7, 8, 9, 18, 19, 20, 21, 22 and 23 facing on Driftwood Drive shall have less than 1200 square feet of floor space and to be used for residential purposes only;

2. Residences built on all other lots shown on said map shall have not less than 1,000 square feet of floor space, and to be used for residential purposes only;

3. No residence shall be erected within 65 feet of the front property line on the lots facing on Driftwood Drive;

4. No trailer, basement, tent, shack, garage, barn or other outbuilding erected in the tract shall at any time be used as a residence temporarily or permanently, nor shall any structure of a temporary character be used as a residence;

5. All houses on the property shall be equipped with running water and sewage facilities;

6. No duplexes or apartment houses for rental property;

7. A right of way is reserved across the front of all lots in said development for water and sewage lines."

Defendants have obtained from the City of Charlotte a permit authorizing them to build a two-family duplex dwelling on Lot 16 as shown on said map; defendants intend to construct a two-family duplex dwelling on said lot and intend to rent the same to tenants for occupancy.

On proper motion, plaintiffs were granted a temporary restraining order which was continued until the hearing of the cause on its merits. The parties waived jury trial and following a hearing the court entered judgment in favor of plaintiffs. Defendants appealed.

*Joseph L. Barrier for plaintiff appellees.*

*Ervin, Burroughs & Kornfeld by Winfred R. Ervin and John C. MacNeill, Jr., for defendant appellants.*

BRITT, Judge.

In our opinion the disposition of this appeal depends on the answer to the question, do the restrictive covenants hereinabove set out forbid the construction of a two-family duplex dwelling on Lot 16 of the Lloyd Campbell property *and* the rental of said duplex dwelling to tenants for occupancy? We answer in the affirmative.

The broad principles governing construction of restrictive covenants in this jurisdiction appear to be well summarized by Sharp, Justice, in *Long v. Branham,* 271 N.C. 264, 268, 156 S.E. 2d 235, 238, 239 (1967) as follows:

"In construing restrictive covenants, the fundamental rule is that the intention of the parties governs, and that their intention must be gathered from study and consideration of *all* the covenants contained in the instrument or instruments creating the restrictions. *Callaham v. Arenson,* 239 N.C. 619, 80 S.E. 2d 619. The rules of construction are fully set out in Annot., Construction and application of covenant restricting use of property to 'residential' or 'residential purposes,' 175 A.L.R. 1191, 1193 (1948), and they are succinctly stated in 20 Am. Jur., Id. § 187 as follows:

'Covenants and agreements restricting the free use of property are strictly construed against limitations upon such use. Such restrictions will not be aided or extended by implication or enlarged by construction to affect lands not specifically described, or to grant rights to persons in whose favor it is not clearly shown such restrictions are to apply. Doubt will be resolved in favor of the unrestricted use of property, so that where the language of a restrictive covenant is capable of two constructions, the one that limits, rather than the one which extends it, should be adopted, and that construction should be embraced which least restricts the free use of the land.

'*Such construction in favor of the unrestricted use, however, must be reasonable. The strict rule of construction as to restrictions should not be applied in such a way as to defeat the plain and obvious purposes of a restriction.*' " (Emphasis added.)

**Berryhill v. Morgan**

Needless to say, the form of the covenants under consideration would hardly win a contest for good draftsmanship. Nevertheless, when Covenant 6 is considered in context, it is reasonable to conclude that no duplex house or apartment house may be constructed on Lot 16 and rented to tenants for occupancy. Should we assume that in Covenant 6 "duplexes" is used as a noun and does not relate to "houses," two of the examples given in Webster's Third New International Dictionary, Unabridged, for "duplex" when used as a noun are (a) duplex apartment and (b) two-family house.

In the judgment appealed from the court found as a fact, among other things, (1) that the restrictive covenants constitute a general plan of development and bind and are applicable to all lots shown on the map of the Lloyd Campbell property, and (2) defendants intend to construct on Lot 16 a two-family duplex dwelling for rent. All of the findings of fact are fully supported by the evidence and stipulations. The court concluded as a matter of law, among other things, that defendants' property is subject to Covenant 6 and plaintiffs may enjoin defendants from erecting a duplex dwelling for rental on Lot 16. The conclusions of law are fully supported by the findings of fact. However, the court ordered that the defendants be restrained "from constructing a duplex structure on Lot 16 in said subdivision" and made no reference to use for rental purposes.

We think the court erred in the relief it granted in the judgment for the reason that the relief is not consistent with the findings of fact and conclusions of law. Consequently, the judgment appealed from is vacated and this cause is remanded for further proceedings not inconsistent with this opinion.

Judgment vacated and cause remanded.

Chief Judge MALLARD and Judge BROCK concur.